UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM KIRKLAND<br>1335 Compton Road #4<br>Cincinnati, Ohio 45231<br><br>    Plaintiff, | Case No.   C-1-02-364<br><br>(Judge)    Weber<br>Magistrate   Sherman |
| V. | PROPOSED<br>AMENDED COMPLAINT |

CHARLIE LUKEN
MAYOR, CITY OF CINCINNATI
In his individual and official capacity
801 Plum Street
Cincinnati, Ohio 45202
    Defendant,
   and
ALICIA REECE
VICE MAYOR, CITY OF CINCINNATI
In her individual and official capacity
801 Plum Street
Cincinnati, Ohio 45202
    Defendant
   and

THOMAS STREICHER, Chief of Police
C/o City of Cincinnati
In his individual and official capacity
City Hall
801 Plum Street
Cincinnati, Ohio 45202
    Defendant
   and

Sgt. EMMETT GLADDEN (S085)
In his individual and official capacity
City of Cincinnati City Hall
801 Plum Street
Cincinnati, Ohio 45202
    Defendant


   and

1

Police Officer Mark E. Sneed (P633)
In his individual and official capacity
City Hall
801 Plum Street
Cincinnati, Ohio 45202
(Necessary) Defendant

City of Cincinnati
City Hall
801 Plum Street
Cincinnati, Ohio 45201

Terrence Cosgrove
Assistant City Solicitor
In his individual and official capacity
City Hall
801 Plum Street
Cincinnati, Ohio 45202

Fay Dupris
Former City Solicitor
City of Cincinnati
In her individual and official capacity
801 Plum Street
City of Cincinnati 45202

## NATURE OF ACTION

1. This Proposed Amended Complaint seeks redress for violations of plaintiff William Kirkland's civil and constitutional rights, both private and under color of state law, and pendant/ancillary state claims. In this Amended Complaint the Fifth Claim for relief seeks to add allegations of Retaliation against defendants. Plaintiff Sixth Claim For Relief specifically against defendant Alicia Reece for "Civil Assault" regarding her actions on June 27, 2001, and on or about May 2002 against plaintiff, William Kirkland for exercising his first amendment rights. This Amended Complaint seeks compensatory and punitive damages against the City of Cincinnati, Mayor

2

**Charlie Luken, and Vice Mayor Alicia Reece, Police Chief Thomas Streicher, former city solicitor Fay Dupris, and assistant City Solicitor Terrence Cosgrove for participating in conspiratorial behavior in violation of the First and Fourteenth Amendment to the U.S. Constitution, and in violation of the Ohio Constitution for the sanctioned behavior of named individual police officers for violating plaintiff's William Kirkland's civil and constitutional rights when he was silenced, and removed from public hearings of the Cincinnati City Council and on one (May 23, 2001) of those occasions arrested at City Hall.**

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this amended action pursuant to 28 U.S.C. sec. 1331 (Federal Question) and 28 U.S. C. sec. 1343(3) (Civil Rights) and pursuant to its pendant and ancillary jurisdiction over related state causes of action. (28 U.S.C. sec. 1367). Venue is proper in the United States District Court, Southern District of Ohio, Western Division, pursuant to 28 U.S.C. 1391.

## III. PARTIES

3. Plaintiff, William Kirkland, at all relevant times to this action was a competent adult, a resident of the City of Cincinnati, Hamilton County Ohio, and a candidate for Cincinnati City Council.

4. Defendant Charlie Luken is the Mayor of the City of Cincinnati, and as such has a duty not to violate the Constitution of the United States, Constitution of

3

the State of Ohio, Charter of the City of Cincinnati, or the Civil rights of plaintiff William Kirkland.

5. Defendant Alicia Reece at the relevant time was a member of Cincinnati City Council and had a duty not to violate the Constitution of the United States, the Constitution of the State of Ohio, Charter of the City of Cincinnati, or the Civil rights of plaintiff, William Kirkland.

6. Defendant City of Cincinnati all time relevant to this action was a Municipal Corporation organized pursuant to the laws of the State of Ohio.

7. Thomas Streicher at all relevant times to this action was the duly appointed Chief of the Cincinnati Police Division with executive and supervisory responsibility for the acts of the Cincinnati Police Department regarding all the acts of defendants Sgt. Emmett Gladden and Police Officer Mark Sneed. Accordingly Chief Streicher is responsible for the officers limiting the unlawful exercise of their police powers to plaintiff, William Kirkland at all relevant times.

**7a. Terrence Cosgrove at all relevant times to this amended complaint was an officer of the Court and an assistant City Solicitor and violated his oath of office and position as an assistant city solicitor in participating in conspiratorial behavior in violating the U.S. and Ohio Constitutional rights of plaintiff.**

**7b. Fay Dupris at all relevant times was the City Solicitor and the Chief Legal Advisor to the City of Cincinnati, Chief of Police Thomas Streicher, Mayor Charlie Luken, Vice Mayor Alicia Reece, and assistant city solicitor Terrence Cosgrove and an officer of the Court when she knowingly parti-**

4

**cipated in conspiratorial behavior in violating the U.S. and Ohio Constitutional rights of plaintiff.**

### III. FACTS

8. The allegations contained in paragraphs 1 through 7b are incorporated by reference as if fully rewritten herein.

### IV. ORIGINAL COMPLAINT

Plaintiff restates the factual allegations contained in the original complaint items 9 through 36 (a) through (d) appearing fully here in.

9. On May 23, 2001, Plaintiff, William Kirkland along with several known and unknown citizens attended a regular weekly scheduled, public session of the Cincinnati City Council Meeting.

10. One citizen, unknown to plaintiff at the time was Robert J. Meyers, a White male, who addressed council during the non-agenda items portion of the City Council Meeting.

11. During Mr. Robert J. Meyers address he left the podium with out the prior approval of the Mayor who was chairing the meeting.

12. Mr. Robert J. Meyers approached the Mayor and each member of Council to present them with documents while he continued speaking.

13. When citizens raised verbal objections to the Mayor allowing the "white" citizen to approach without permission Mayor Charlie Luken apologized to Mr. Robert J. Meyers about the citizens outburst and told Mr. Robert J. Meyers to continue.

5

14. Mr. Robert J. Meyers finished passing out documents and returned to the podium where he went over the allotted two-minute time limit.

15. Mayor Charlie Luken warned Mr. Robert J. Meyers that he had exceeded the two minute time limit, however Mr. Meyers continued to speak.

16. Mr. Robert J. Meyers continued to speak without being silenced, removed from council chambers, or being unlawfully arrested.

17. On the afternoon in question Plaintiff, William Kirkland, complied with the customary procedure to be recognized to speak on a non-agenda item.

18. Plaintiff, William Kirkland was called to the podium by Mayor Charlie Luken.

19. As plaintiff, William Kirkland began to speak, plaintiff referred to the city of Cincinnati as "nigganati".

20. Plaintiff, William Kirkland was immediately admonished by the Mayor Charlie Luken .

21. Mayor Charlie Luken ordered Sgt. Emmett Gladden to "remove Mr. Kirkland".

22. Sgt. Emmett Gladden approached plaintiff, William Kirkland at the podium and turned off the microphone.

23. Plaintiff, William Kirkland stepped away from the podium and walked toward the Mayor's chair which was on top of a raised platform, inaccessible to the public.

24. Plaintiff, William Kirkland was speaking without the benefit of a microphone and speaking loudly.

25. Mayor Charlie Luken continued to order Sgt. Gladden to "remove Mr. Kirkland".

26 Prior to the exhaustion of Plaintiff, William Kirkland's two minute time limit Sgt. Gladden executed Mayor Charlie Lukens's command to "remove Mr. Kirkland".

27. Plaintiff, William Kirkland having been silenced by Mayor Charlie Luken, removed from the Council Chambers by Sgt. Emmett Gladden, was ultimately arrested by Police officer Mark Sneed. All of these actions took place with the approval and under the watchful eye

of City Prosecutor Terry Cosgrove, violating plaintiff, William Kirkland's Constitutional and Civil Rights.

**27a. On May 23, 2001 John Doe, (Mr. Thomas) an African American male was called to the speaker's podium by Mayor Charlie Luken.**

**27b. During the course of his presentation John Doe (Mr. Thomas) stated he agreed with the comments of plaintiff William Kirkland and cursed at mayor Luken calling the Mayor's actions "bullshit".**

**27c. Mayor Luken did not rule John Doe, (Mr. Thomas) his comments, or his expressive conduct, out of order.**

**27d. Mayor Luken did not order John Doe (Mr. Thomas) removed from the council chambers. In fact Mayor Luken took no action against John Doe (Mr. Thomas) what so ever, as he had against plaintiff William Kirkland**

28. Plaintiff, William Kirkland incorporates each and every allegation of the

7

Complaint, including the Facts and further states as follows:

29. On June 27, 2001 Plaintiff, William Kirkland was speaking before a regular scheduled public session of the Cincinnati City Council Meeting when plaintiff William Kirkland stated to Councilwoman Alicia Reece "if you're not a clown stop acting like one".

30. Plaintiff, William Kirkland further instructed Councilwoman Alicia Reece to "stop pandering to white people".

31. At that time Councilwoman Alicia Reece seduced Mayor Charlie Luken to join Councilwoman Alicia Reece in silencing plaintiff, William Kirkland, violating plaintiff's William Kirkland's Constitutional and Civil Rights.

**31a. Plaintiff, William Kirkland in additionally alleges the entire defendant's actions on May 23, 2001, and June 17, 2001 were taken in Retaliation against plaintiff in violation of his first and fourteenth amendment rights.**

**31 b. Plaintiff, William Kirkland further alleges that on June 27, 2001 Vice Mayor Alicia Reece threatened plaintiff, and committed a civil assault against plaintiff, William Kirkland through the unjust use of power and influence of her elected city council office when she caused the President of the Cincinnati African American Firefighter's Association Jeff Harris to telephone and threaten plaintiff at his home on the evening of June 27, 2001 because the plaintiff had earlier exercised his constitutional right to free speech by criticizing defendant Alicia Reece.**

**31 c. Plaintiff further alleges that on or about May 2002 Defendant Alicia**

8

Reece caused more embarrassment, and emotional distress to plaintiff, William Kirkland when she visited City Beat Editor John Fox and complained about City Beat writer Kathy Y. Wilson's critical reporting of her. Defendant Reece told Mr. Fox "to make Kathy Wilson stop criticizing her otherwise she would send firefighters to convince Wilson" as she had engaged the help of firefighters to successfully get-at least-one other person [plaintiff ]William Kirkland to stop publicly criticizing her.

## **CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

32. <u>42 U.S.C. sec. 1981.</u> Defendants deliberately or recklessly denied

33. Plaintiff full and equal benefit of all laws and proceedings as enjoyed by white citizens.

## **SECOND CLAIM FOR RELIEF**

34. <u>42 U.S.C. sec. 1983</u> Defendants, acting under color of state law, deprivedPlaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the First and Fourteenth Amendments, by, inter alia,

   (a) Silencing, and removing Plaintiff from Council Chambers.
   (b) Interfering with Plaintiff's right to seek redress of grievances.
   (c) Interfering with Plaintiff's First Amendment rights.
   (d) Arresting Plaintiff without probable cause and in an unreasonable, embarrassing manner.
   (e) Maliciously prosecuting Plaintiff.

### THIRD CLAIM FOR RELIEF

35. <u>42 u.s.c. SEC. 1985(3)</u>. Defendants, and two or more of them, conspired for the purpose of:

    (a)   depriving Plaintiff of equal protection of the law,
    (b)   depriving Plaintiff of due process of the law, and
    (c)   orchestrating the unlawful hindrance of constituted authorities from securing equal protection and due process of law to all persons, all to Plaintiff's damage as herein alleged.

### FOURTH CLAIM FOR RELIEF

36. <u>OHIO CONSTITUTION</u>. Defendants are liable to Plaintiff pursuant to the rights and privileges granted to citizens by the State of Ohio under the Constitution of the State of Ohio

### <u>STATE CLAIMS.</u>

(a) The Defendant police officers' arrested Plaintiff without probable cause and in an unreasonable manner.

(b) The actions of Defendants resulted in abuse of process and the Malicious prosecution of Plaintiff.

(c) Defendants intentional and or negligent actions have resulted in

(d) embarrassment, and emotional distress upon Plaintiff.

### FIFTH CLAIM FOR RELIEF

**37. Plaintiff adds this Fifth Claim For Relief against all defendant's regarding defendants retaliatory actions for exercising his right to free speech.**

### SIXTH CLAIM FOR RELIEF
**38. Plaintiff adds this Sixth Claim For Relief specifically against defendant Alicia Reece for civil assault regarding her actions on June 27,**

10

2001, and on or about May 2002 against plaintiff, William Kirkland for exercising his first amendment rights.

### PRAYER

**WHEREFORE,** plaintiff seeks judgment as follows:

(a) Compensatory general and special damages in an amount of at least $100,000.00. (one hundred thousand dollars).

(b) Punitive damages (against each of the individual defendants) in an amount of at least $100.000.00. (one hundred thousand dollars).

(c) Exemplary damages (against each of the individual Defendants) in an amount of at least $100.000.00. (one hundred thousand dollars) or any other amount sufficient to deter and to make an example of Defendants.

(d) Reasonable attorney's fees, at the time Plaintiff obtains an attorney of record.

(e) Cost of suit necessarily incurred herein; and

(f) Such further relief as the Court deems just or proper.

Respectfully Submitted:
WILLIAM KIRKLAND
1335 Compton Road #4
Cincinnati, Ohio 45231
513.238.3651 (c)
e-mail: thehonorablewilliamkirkland@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent by regular U.S. Mail this ~~29st day of October 2003~~ to Attorney Thomas Harris City Solicitor's Office, City Hall, 801 Plum Street, Cincinnati, Ohio 45202

5 Nov 2003

11