Thomas J. Harris III (0065946)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM KIRKLAND** | : | Case No: C-1-02-364 |
| | : | (Judge Weber) |
| **Plaintiff,** | : | |
| | : | CHARLIE LUKEN ET AL.'S |
| Vs. | | MOTION IN OPPOSITION TO |
| | : | PLAINTIFF'S PROPOSED AMENDED COMPLAINT |
| **CHARLIE LUKEN, ET AL** | : | |
| 801 Plum Street | | |
| Cincinnati, Ohio 45202 | : | |
| **Defendant** | : | |

    Rule 15 (a) of the Federal Rules of Civil Procedure declares that leave to amend shall be freely given when justice so requires. Leave to Amend should be freely given in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Skowron v. Chance 59 Fed. Appx. 123; 2003 U.S. App. LEXIS 4885*. In the instant case, granting such an Amendment at this late date when there has been a repeated failure to cure deficiencies by amendments previously allowed, would cause the Defendants undue delay and undue prejudice.

    The Defendants filed a Motion for Summary Judgment August 26, 2003. Plaintiff did not file a Response to the Defendant's Summary Judgment Motion until

approximately six months later—specifically January 23. 2004. Instead of properly filing a Response to the Defendant's Motion for Summary Judgment, Plaintiff made request of the Court for a Second 30 day Extension of time to file an Amended Complaint on September 4, 2003. That Amended Complaint was to be filed on October 3, 2003. It was not until November 5, 2003, however, almost three months after the City of Cincinnati filed its Summary Judgment Motion before Plaintiff filed his Amended Complaint. Plaintiff's Motion to Amend the Complaint while substantially similar in many respects as it related to some of the Defendants already named parties to the litigation named new Defendants and raised significantly different issues regarding those individuals as well as substantially different issues concerning Vice Mayor Alicia Reece.

The Defendant's have been defending this case since it was filed May 23, 2002 according to a defined theory as initially articulated by the Plaintiff since that date. It would be manifestly unfair to allow Plaintiff to change the scope of the litigation at this point and allow Plaintiff to add new Defendants and new allegations against pending Defendants in a case that was filed better than two years ago. "As pointed out by the Supreme Court in *Zenith v. Hazeltine, 395 U.S. 100 (1969),* a trial court is required to take into account any prejudice that the party opposing [a] motion to amend would suffer. Here the prejudice to [the Defendant] is obvious. The case has been pending for more than two and one-half years, and [the Defendant] already has had to defend against one theory at both the district court and the appellate court level. The District Court would have been justified in concluding that to put [the Defendant] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial." *Troxel Mfg. Co. v.*

*Schwinn Bicycle Co., 489 F.2d 968, (1973)* Similarly in *Creusere v. James Hunt Constr., 83 Fed. Appx. 709 2003,* the Sixth Circuit Court of Appeals following the same logic employed by the U.S. Supreme Court in *Zenith 395 U.S. at 100* concluded that the Trial Court did not abuse its discretion by denying Plaintiff the opportunity to amend his Complaint after the Defendants filed a Motion for Summary Judgment.

As mentioned, Rule 15 (a) of the Federal Rules of Civil Procedure states that leave to amend a Complaint should be liberally granted. Although this may be true, such a grant should not cause undue delay or undue prejudice to the parties. In the instant case, it would cause undue hardship to the Defendants to allow Plaintiff to file an Amended Complaint several months after he initially requested leave for same and six months after a responsive Motion to the Defendants Motion for Summary Judgment was filed and now subsequently and additional several months after a judgment granting the Defendant's Motion for Summary Judgment.

Respectfully submitted,

J. Rita McNeil

City Solicitor

*S/ Thomas J. Harris*
Thomas J. Harris (0065946)
Assistant City Solicitor
Room 214, City Hall
Cincinnati, Ohio 45202
(513) 352-3321

4

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing Motion has been sent by regular U.S. Mail to William Kirkland, 2720 Price Apt. #5, Cincinnati, Ohio 45204 this 12th day of July, 2004.

                                                 *S/ Thomas J. Harris*_____
                                                 Thomas J. Harris (0065946)