IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


WILLIAM KIRKLAND,

                 Plaintiff,

       v.                                  C–1–02–364

CHARLIE LUKEN, *et al.*,

                 Defendants.


## ORDER

     This matter is before the Court upon plaintiff's Motion to File Out of Time Proposed Amended Complaint (doc. no. 26).  Defendants oppose the motion (doc. no. 49).

## I. Procedural History

     Plaintiff William Kirkland filed the original complaint in this action on May 23, 2002 (doc. no. 1).  He named as defendants Charlie Luken, Mayor of the City of Cincinnati, Vice–Mayor Alicia Reece, Cincinnati Chief of Police Thomas Streicher, Sergeant Emmett Gladden, and Police Officer Mark E. Sneed.  Plaintiff brought claims for relief under 42 U.S.C. §§ 1981, 1983, and 1985(3), as well as claims for relief under state law.  The claims arise from events that occurred at Cincinnati City Council meetings on May 23, 2001 and June 27, 2001.  Plaintiff claims that when he addressed, or attempted to address, the Cincinnati City Council at the

2

meetings, he was silenced and, at the May meeting, removed from Council chambers and arrested.  Plaintiff further alleges that at the June meeting, Reece "seduced [Luken] to join [her] in silencing [plaintiff], violating [plaintiff's] Constitutional and Civil Rights."  (Complaint, ¶ 31).  Plaintiff claims that defendants' actions violated his rights to full and equal benefit of all laws and proceedings as enjoyed by white people; deprived plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States, including the First and Fourteenth Amendments; and constituted a conspiracy for the purpose of depriving plaintiff of equal protection and due process of the law.

The Court issued a Scheduling Order on May 29, 2003, that established deadlines of July 31, 2003 for filing the amended complaint and March 31, 2004 for filing motions  (doc. no. 16).  On July 31, 2003, plaintiff filed a motion to extend the time for filing an amended complaint (doc. no. 17).  On August 26, 2003, defendants filed a motion for summary judgment (doc. no. 18).  Plaintiff filed a second motion to extend the time for filing an amended complaint on September 2, 2003 (doc. no. 23).  The Court issued an Order on September 4, 2003, granting plaintiff an extension of thirty days from the date of the Order to file an amended complaint.  Plaintiff filed his motion to amend the complaint and a proposed amended complaint on November 5, 2003.

The proposed amended complaint names two additional parties – Terrence

3

Cosgrove and Fay Dupuis[1] –and specifically names the City of Cincinnati as a separate defendant.[2]  By his amendment, plaintiff seeks to add a claim against defendants for retaliation for the exercise of his First Amendment rights (Fifth Claim for Relief) and a claim specifically against Alicia Reece for "civil assault regarding her actions on June 27, 2001, and on or about May 2002 against [plaintiff] for exercising his first amendment rights."   (Sixth Claim for Relief). Plaintiff also seeks to add the following allegations to the allegations made in the original complaint:

> 7a. Terrence Cosgrove at all relevant times to this amended complaint was an officer of the Court and an assistant City Solicitor and violated his oath of office and position as an assistant city solicitor in participating in conspiratorial behavior in violating the U.S. and Ohio Constitutional rights of plaintiff.

> 7b.  Fay [Dupuis] at all relevant times was the City Solicitor and the Chief Legal Advisor to the City of Cincinnati, Chief of Police Thomas Streicher, Mayor Charlie Luken, Vice Mayor Alicia Reece, and assistant city solicitor Terrence Cosgrove and an officer of the Court when she knowingly participated in conspiratorial behavior in violating the U.S. and Ohio Constitutional rights of plaintiff.

In ¶¶ 27a–27d of the proposed amended complaint, plaintiff alleges that on May 23, 2001, Mr. Thomas, an African American, was treated differently than

---

[1] Plaintiff mistakenly refers to Fay Dupuis as "Fay Dupris."

[2] Specifically naming the City as a defendant adds nothing new to the lawsuit since the City was listed as a defendant in the body of the original complaint and has been a party to the lawsuit from the time of its original filing.

4

plaintiff when Mr. Thomas stated he agreed with plaintiff's comments and cursed

at Mayor Luken, calling the Mayor's actions "bullshit."

In ¶¶ 31a–31c, plaintiff states:

> 31a.   Plaintiff, William Kirkland in additionally [sic]
> alleges the entire defendant's actions on May 23, 2001,
> and June 17, 2001 were taken in Retaliation against
> plaintiff in violation of his first and fourteenth
> amendment rights.

> 31b.  Plaintiff, William Kirkland further alleges that on
> June 27, 2001 Vice Mayor Alicia Reece threatened
> plaintiff, and committed a civil assault against plaintiff,
> William Kirkland through the unjust use of power and
> influence of her elected city council office when she
> caused the President of the Cincinnati African American
> Firefighter's Association Jeff Harris to telephone and
> threaten plaintiff at his home on the evening of June 27,
> 2001 because the plaintiff had earlier exercised his
> constitutional right to free speech by criticizing
> defendant Alicia Reece.

> 31c.  Plaintiff further alleges that on or about May 2002
> Defendant Alicia Reece caused more embarrassment, and
> emotional distress to plaintiff, William Kirkland when she
> visited City Beat Editor John Fox and complained about
> City Beat writer Kathy Y. Wilson's critical reporting of her.
> Defendant Reece told Mr. Fox "to make Kathy Wilson stop
> criticizing her otherwise she would send firefighters to
> convince Wilson" as she had engaged the help of
> firefighters to successfully get–at least–one other person
> [plaintiff] William Kirkland to stop publicly criticizing her.

After filing the proposed amended complaint, plaintiff filed his response to

defendants' motion for summary judgment on January 23, 2004 (doc. no. 30).

Thereafter, the Magistrate Judge issued his Report and Recommendations on the

5

motion (doc. no. 32).  The Magistrate Judge recommended that summary judgment be granted in favor of defendants and that the case be terminated.  The Court held a hearing on plaintiff's objections to the Report and Recommendations on June 15, 2004.  The Court issued an Order the following day granting defendants time to respond  to plaintiff's motion to amend and allowing plaintiff time to file a reply.

In support of his motion to amend, plaintiff contends that he timely sought leave for an extension of time to file an amended complaint, that he has supplemental complaint allegations that "he wishes to file under separate cover as a result of new retaliatory criminal charges levied against plaintiff in continued and ongoing violation" of his First and Fourteenth Amendment rights, and that he has experienced distracting and discomforting headaches and back pain since being involved in a car accident on October 5, 2003.  Plaintiff alleges that there is no prejudice to defendants resulting from the proposed amended complaint.

Defendants oppose the motion for leave to amend on the grounds that granting the amendment would cause defendants undue delay and undue prejudice; the proposed amended complaint names new defendants and raises significantly different issues regarding those individuals and defendant Reece; and it would be manifestly unfair to allow plaintiff to change the scope of the litigation and to add new defendants and new allegations in a case that has been pending for some time.

6

## II. Standard of review

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires."  Denial of leave to amend is warranted where there is undue delay, bad faith, or a dilatory motive on the part of the movant, the amendment would be futile, or undue prejudice would result to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. Opinion

The Court will deny plaintiff's motion for leave to amend.  First, the motion is untimely under the Court's Orders.  Although the Court twice extended the deadline for plaintiff to file his motion, plaintiff did not file the motion to amend until over a month after the second extended deadline of October 2, 2003 had passed.  Plaintiff's involvement in a car accident on October 5, 2003 does not excuse his failure to timely file his motion since the alleged accident did not occur until after the extended filing period had ended.

Second, plaintiff unduly delayed filing the proposed amended complaint. Plaintiff did not file the motion for leave to amend until approximately 18 months after he filed the original complaint.  Plaintiff has not offered a valid justification for the delay, and there is no apparent reason for it.  It is clear that plaintiff could have asserted his claims against Cosgrove and Dupuis in the original complaint. In fact, plaintiff alleged in the original complaint that the events of May 23rd took place "with the approval and under the watchful eye of City Prosecutor Terry

7

Cosgrove, violating [plaintiff's] Constitutional and Civil Rights." (Complaint, ¶ 27).

Plaintiff did not, however, name Cosgrove as a defendant in the original complaint.

As to the additional allegations against defendant Reece, plaintiff claims that she committed a "civil assault" on the date of the June 2001 City Council meeting and that she caused him further emotional distress through actions she took on or about May 2002. Plaintiff could have included these allegations in the original complaint filed on May 23, 2002, or, assuming the May incident occurred after he had filed the original complaint, he could have amended the complaint shortly after its filing to include that incident. Plaintiff has not offered a valid reason for instead waiting until November 2003 before seeking to amend the complaint to add these allegations.

Finally, the amendment would be futile with respect to the claims against Cosgrove and Dupuis. Plaintiff generally claims that Dupuis and Cosgrove participated in "conspiratorial behavior," but he makes no factual allegations to support his claim. In fact, plaintiff makes no factual allegations whatsoever against Dupuis and no specific factual allegations against Cosgrove, claiming only that the actions of the other defendants took place "with the approval of and under the watchful eye" of Cosgrove. It is well-settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985. *See Grooms v. Marshall,* 142 F.Supp.2d 927, 933 (S.D. Ohio 2001) (Marbley, J.) (citing *Shepherd v. Veterans Admin., Dep't of Veterans Affairs*, 1993 WL 524290, at *2 (6th Cir.); *Gutierrez v.*

8

*Lynch,* 826 F.2d 1534, 1538–39 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984)).

## IV. Conclusion

In accordance with the foregoing, plaintiff's motion for leave to amend the complaint (doc. 26) is **DENIED.**

**IT IS SO ORDERED.**

S/ Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court